United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DORIAN SMITH and SAMUEL SMITH,

Plaintiffs,

v.

OAKLAND ATHLETIC LEAGUE and OAKLAND SCHOOL DISTRICT,

Defendants.

_______________________________________/

No. C 12-01073 JSW

**ORDER DENYING APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

The Court has received Plaintiffs' complaint, motion for injunction and temporary restraining order, and applications to proceed *in forma pauperis*, all filed with this Court on March 2, 2011. The Court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). The *in forma pauperis* statute also provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

In this instance, Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure and fails to state a claim upon which relief may be granted. Although the Complaint alludes to 42 U.S.C. § 2000d-6 which prohibits segregation by race in schools and local

United States District Court
For the Northern District of California

educational agencies, there are no facts to support an allegation that plaintiff Dorian Smith was subjected to unlawful discrimination by virtue of a decision by one or more of the named defendants not to allow him to play in an after school basketball activity.

Accordingly, the Court HEREBY DISMISSES the complaint with leave to amend and DENIES the applications to proceed *in forma pauperis*.[1] If Plaintiffs wish to pursue this action, they must file an amended complaint by no later than **April 6, 2012**. Failure to file a cognizable legal claim by this date shall result in dismissal of this action with prejudice. The Court advises Plaintiffs that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office. The Court also advises Plaintiffs that additional assistance may be available by making an appointment with the Legal Help Center, which is located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, 94102.

**IT IS SO ORDERED.**

Dated: March 6, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] It is also unclear from the submissions the age of Plaintiff Dorian Smith, considering that the complaint alleges that he has yet to complete high school. Federal Rule of Civil Procedure 17 applies to the capacity to sue. *See* Fed. R. Civ. P. 17. State law should be applied to determine capacity to sue. Fed. R. Civ. P. 17(b). In California, a minor must be represented by a guardian *ad litem* in court proceedings. Cal. Code of Civ. Proc. § 372(a). If the minor is a plaintiff in a cause of action then a guardian *ad litem* must be appointed before issuance of the summons. Cal. Code of Civ. Proc. § 373(a).

"A court has broad discretion in ruling on a guardian *ad litem* application." *Williams v. Superior Court of San Diego*, 147 Cal. App. 4th 36, 47 (2007) (*citing In re Emily R.*, 80 Cal. App. 4th 1344, 1356 (2000)). When there is no conflict of interest, the guardian *ad litem* appointment is usually made on *ex parte* application and involves minimal exercise of discretion by the trial court. *In re Marriage of Caballero*, 27 Cal. App. 4th 1139, 1149 (1994).

The guardian *ad litem*'s main focus is the best interests of the minor. *Briggs v. Briggs*, 160 Cal. App. 2d 312, 319 (1958). The guardian *ad litem* is an officer of the court with the right to control the minor's litigation. *De Los Santos v. Superior Court of Los Angeles*, 27 Cal. 3d 677, 683-84 (1980). "The guardian *ad litem*'s role is more than an attorney's but less than a party's." *In re Josiah Z.*, 36 Cal. 4th 664, 678 (2005). When choosing a guardian *ad litem* for a civil lawsuit, the most important issue is protection of the minor's interest in the litigation. *Williams*, 147 Cal. App. 4th at 47.

However, because a minor cannot represent himself, in order to file a proper amended complaint on his son's behalf, Plaintiff Samuel Smith must file an application to proceed as a guardian *ad litem*. *See* Cal Code Civ. Proc. § 373(a).

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SMITH et al,

Plaintiff,

v.

OAKLAND ATHLETIC LEAGUE et al,

Defendant.
________________________________________/

Case Number: CV12-01073 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 6, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dorian Smith
2341 90th Ave. #19
Oakland, CA 94603

Samuel Smith
2341 90th Ave. #19
Oakland, CA 94603

Dated: March 6, 2012

Jennifer Ottolini
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk